907 F.2d 150
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl CLAY, Petitioner,
v.
NATIONAL MINE CORPORATION; Old Republic Insurance
Companies; Director, Office of Workers'
Compensation Programs, United States
Department of Labor, Respondents.
 No. 86-3966.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1990.
 
 Before MERRITT, Chief Judge, KRUPANSKY, Circuit Judge, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this case we have granted rehearing of Carl Clay's petition for review of the Benefits Review Board's denial of his application for benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq., after having earlier ordered a remand to the Board for reconsideration of its decision in light of Kyle v. Director of Workers' Compensation Programs (OWCP), 819 F.2d 139 (6th Cir.1987). Upon rehearing which was sought by National Mine Corporation, we conclude that we are obliged to uphold the decision of the Benefits Review Board in full. Our reasons follow.
 
 
 2
 After working approximately 27 years in the coal mines, including several years for respondent National Mines Corporation, Clay filed a claim for black lung benefits on November 16, 1976. Several years later, an administrative law judge (ALJ) in the OWCP, U.S. Department of Labor, denied the claim. The ALJ held that Clay was not entitled to the rebuttable presumption of eligibility for benefits under interim OWCP regulations governing black lung benefits. 20 C.F.R. Sec. 727.203(a). The ALJ also found that since the evidence failed to establish that Clay was afflicted with pneumoconiosis (commonly called "black lung disease") or that Clay had a totally disabling respiratory disease, Clay was also not eligible for benefits under 20 C.F.R. Sec. 718 or 20 C.F.R. Sec. 410. On September 18, 1986, the Benefits Review Board affirmed, holding that Clay's positive X-ray readings and medical reports diagnosing pneumoconiosis were, in the face of more numerous and credible contrary X-ray readings and reports, insufficient to invoke a presumption of eligibility under section 727.203(a)(1) or (4).
 
 
 3
 Clay petitioned for review by this court. The issue originally presented was whether the Board had violated the black lung statute and corollary regulations by weighing the evidence in deciding whether the section 727 presumption applied. This court in an unpublished per curiam opinion initially remanded the case for reconsideration in light of our then-recent decision in Kyle. A few months later, the Supreme Court held in Mullins Coal Co., Inc. v. Director, OWCP, 484 U.S. 135 (1987), that the evidence is properly weighed before invoking the section 727 presumption. Following a recusal by one of the members of the original appeals panel, we have now reheard the case.
 
 
 4
 On rehearing, Clay concedes, with commendable honesty, that Mullins Coal has indisputably resolved the original section 727 issue against him. Instead he makes a separate argument that the ALJ erred by failing to find that he is entitled to benefits under section 718. The record reveals that Clay did not raise a section 718 argument on his appeal to the Benefits Review Board of the ALJ's denial of benefits. Ordinarily, it would appear that a claimant is barred from raising an argument on petition to this court after failing to do so below. Because much time has passed since rehearing was granted in this case, however, we will consider Clay's section 718 argument out of fairness to him.
 
 
 5
 Dr. William O'Neill specifically concluded that it was questionable whether Clay suffers from pneumoconiosis, that Clay had no evidence of respiratory function impairment, and that he was fit to return to mine work. The ALJ found that Dr. O'Neill's conclusions were more credible than those of other examining physicians because Dr. O'Neill's experience and qualifications were more extensive, his examination of Clay and his medical history more thorough, and his conclusions more consistent with the medical evidence. On the basis of Dr. O'Neill's opinion and other evidence, the ALJ concluded that Clay is not entitled to benefits under section 718. ALJ Opinion at 6. Clay now urges us that even if his condition does not satisfy the medical criteria for pneumoconiosis, Dr. O'Neill's diagnosis of chronic bronchitis, along with other medical evidence, places Clay within the looser legal definition of pneumoconiosis for the purposes of the black lung benefits regulations in section 718.201-.202. Despite Clay's vigorous efforts on rehearing, however, we see nothing in his argument which undercuts Dr. O'Neill's further opinion that Clay could return to coal mine work. Nor do we see any reason to reject the ALJ's considered conclusion that this opinion was the most credible. The ALJ's conclusion that Clay is not eligible for benefits under section 718 is thus "supported by substantial evidence in the record considered as a whole." 33 U.S.C. Sec. 921(B)(3). See Wardman v. Pittsburgh & Midway Coal Mining Co., 839 F.2d 257, 258 (6th Cir.1988).
 
 
 6
 We accordingly GRANT National Mine's petition for rehearing, VACATE the original per curiam opinion of this court, and AFFIRM the opinion of the Benefits Review Board upholding the ALJ's denial of benefits.